UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| TROY A. MAILLET | CIVIL ACTION |
|---|---|
| VERSUS | NUMBER_____ |
| GULF CRANE SERVICES, INC., | JUDGE_____ |
| FREEPORT MCMORAN, INC. AND | |
| FREEPORT-MCMORAN OIL & GAS LLC | MAGISTRATE_____ |

COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, TROY A. MAILLET, a person of the full age of majority domiciled in Avoyelles Parish, Louisiana, who with respect represents:

I.

Petitioner's claims are brought pursuant to the Outer Continental Shelf Lands Act., 43 USC § 1331.

II.

Venue is proper in this district because the defendants reside in and are subject to personal jurisdiction in the Western District of Louisiana.

III.

Made defendants herein are:

A.      GULF CRANE SERVICES, INC., a domestic corporation authorized to do and doing business in the Western District of Louisiana; whose principal business establishment within this district is located at 1244 Wall Road, Broussard, Louisiana 70518; whose registered agent for service of process is Charles Bollinger, 21795 Dohm Ranch Lane, Loranger, LA 70446.

B.    FREEPORT MCMORAN INC., a foreign corporation authorized
to do and doing business in the Western District of Louisiana; whose
principal business establishment within this district is located at 400
East Kaliste Saloom Road, Lafayette, Louisiana 70508; whose registered
agent for service of process is Corporation Service Company, 501
Louisiana Avenue, Baton Rouge, Louisiana, 70802.

C.    FREEPORT MCMORAN OIL & GAS LLC, a foreign corporation authorized
to do and doing business in the Western District of Louisiana; whose
principal business establishment within this district is located at 400
East Kaliste Saloom Road, Lafayette, Louisiana 70508; whose registered
agent for service of process is Corporation Service Company, 501
Louisiana Avenue, Baton Rouge, Louisiana, 70802.

IV.

On or about June 12, 2015, petitioner, TROY A. MAILLET, was working in the
course and scope of his employment as a safety technician for Total Safety Services
aboard High Island 537, a fixed production platform located in the Gulf of Mexico off
the Coast of Texas owned and operated by defendants, FREEPORT MCMORAN, INC.
and/or FREEPORT MCMORAN OIL & GAS LLC.

V.

At approximately 8:00 p.m. on June 12, 2015, petitioner, TROY A. MAILLET,
was being transported from the platform to a vessel with several other crew members
via a crane mounted personnel basket when, after lowering personnel basket off the
side of the platform, the crane suddenly, negligently and without warning swung the
personnel basket and crashed it into the crane boom rest.

VI.

The crane was owned and operated by defendant, GULF CRANE SERVICES,
INC.

2

VII.

The incident occurred during increasingly inclement weather and high winds. Defendant, FREEPORT MCMORAN, INC. and/or FREEPORT MCMORAN OIL & GAS LLC, provided the directive to transport the crew to the vessel by personnel basket, as opposed to other means.

VIII.

Petitioner, TROY A. MAILLET, was not negligent in the accident.

IX.

Said accident, resulting in injuries and damages to your petitioner, TROY A. MAILLET, was a direct and proximate result of the negligence, gross negligence and/or willful and wanton conduct of defendant, GULF CRANE SERVICES, INC., its employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

A.     Improper, inadequate and/or reckless operation of the crane;

B.     Improper, inattentive and/or improperly trained crane operator;

C.     Improper, inadequate and/or defective crane, crane equipment and/or appurtenances;

D.     Improper and/or inadequate maintenance;

E.     Improper and/or inadequate training;

F.     Improper and/or inadequate supervision;

G.     Creating and/or permitting the existence of unreasonably dangerous conditions upon its equipment;

H.     Failure to remedy unreasonably dangerous conditions upon its equipment for which it had actual and/or constructive knowledge;

I.     Failure to properly maintain its crane and/or appurtenances;

J.     Violation of state and/or federal safety rules and regulations;

K.     Violation of company rules and regulations;

    L.      Violation of industry safety standards;

    M.    Any other acts of negligence and/or gross negligence which may be revealed at or before the trial of this matter.

X.

Said accident, resulting in injuries and damages to your petitioner, TROY A. MAILLET, was a direct and proximate result of the negligence, gross negligence and/or willful and wanton conduct of defendants, FREEPORT MCMORAN, INC. and/or FREEPORT MCMORAN OIL & GAS LLC, their employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

    A.    Improper, inadequate and/or reckless work directives;

    B.    Improper, inadequate and/or reckless job planning and/or coordination;

    C.    Improper, inattentive and/or improperly trained platform operator and/or company man;

    D.    Improper, inadequate and/or defective platform equipment and/or appurtenances;

    E.    Improper and/or inadequate maintenance;

    F.    Improper and/or inadequate training;

    G.    Improper and/or inadequate supervision;

    H.    Creating and/or permitting the existence of unreasonably dangerous conditions upon its platform;

    I.    Failure to remedy unreasonably dangerous conditions upon its platform for which it had actual and/or constructive knowledge;

    J.    Violation of state and/or federal safety rules and regulations;

    K.    Violation of company rules and regulations;

    L.    Violation of industry safety standards;

    M.    Any other acts of negligence and/or gross negligence which may be revealed at or before the trial of this matter.

4

XI.

Plaintiff specifically pleads the doctrine of *negligence per se*.

XII.

Petitioner, TROY A. MAILLET, was caused to suffer severe and permanently disabling injuries as a result of said accident.   Accordingly, petitioner itemizes his damages as follows:

    A.    Medical expenses; past, present and future; in an amount reasonable in the premises;

    B.    Lost wages; past, present and future; in an amount reasonable in the premises;

    C.    Impairment of earning capacity; past, present and future; in an amount reasonable in the premises;

    D.    General damages, including pain, suffering, disability, mental anguish and loss of enjoyment of life; past, present, and future; in an amount reasonable in the premises.

XIII.

In addition to the damages set forth *supra*, defendant, GULF CRANE SERVICES, INC., is also liable to petitioner, TROY A. MAILLET, for punitive and/or exemplary damages for gross, willful, wanton and/or reckless actions which constituted a callous disregard for the safety of petitioner and caused the subject accident and petitioner's injuries.

XIV.

In addition to the damages set forth *supra*, defendants, FREEPORT MCMORAN, INC. and/or FREEPORT MCMORAN OIL & GAS LLC, are also liable to petitioner, TROY A. MAILLET, for punitive and/or exemplary damages for gross, willful, wanton and/or reckless actions which constituted a callous disregard for the safety of petitioner and caused the subject accident and petitioner's injuries.

WHEREFORE, all premises considered, plaintiff, TROY A. MAILLET, prays that defendants, GULF CRANE SERVICES, INC., FREEPORT MCMORAN, INC. and FREEPORT MCMORAN OIL & GAS LLC, be duly served with a copy of this Complaint, cited to appear and answer same and, that after legal delays and due proceedings had, there be a judgment in favor of plaintiff, TROY A. MAILLET, and against defendants, GULF CRANE SERVICES, INC., FREEPORT MCMORAN, INC. and FREEPORT MCMORAN OIL & GAS LLC, in an amount reasonable in the premises, together with legal interest from date of judicial demand and for all costs of these proceedings.

FURTHER, for all other such general and equitable relief as this Honorable Court may deem proper.

Respectfully submitted,

ANDERSON DOZIER BLANDA & SALTZMAN

s/Nick Blanda
NICHOLAS A. BLANDA (#29093)
Attorney for Plaintiff
P. O. Box 82008
Lafayette, LA  70598-2008
(337) 233-3366 – phone
(337) 233-3163 – fax
nicholas@andersondozier.com

BRIAN M. CAUBARREAUX & ASSOCIATES

s/Brian Caubarreaux
BRIAN M. CAUBARREAUX (#21522)
Attorney for Plaintiff
P O Box 129
Marksville, LA 71351
318-253-0900
Fax: 318-253-5666
brian@caubarreaux.com

6

PLEASE SERVE:

GULF CRANE SERVICES, INC.
Through their registered agent:
Charles Bollinger
21795 Dohm Ranch Lane,
Loranger, LA 70446

FREEPORT MCMORAN INC.,
Through their registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana, 70802

FREEPORT MCMORAN OIL & GAS LLC
Through their registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana, 70802.