UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TROY A. MAILLET, ET AL. | CIVIL ACTION NO. 6:16-CV-00513 (Lead) |
| | NO. 6:17-CV-00704 (Member) |
| VERSUS | JUDGE FOOTE |
| GULF CRANE SERVICES, INC., ET AL. | MAGISTRATE JUDGE HANNA |

# MEMORANDUM RULING

Currently pending is defendant Gulf Crane Services Inc.'s motion to designate responsible third parties (Rec. Doc. 31). The motion is unopposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

## Background

In his complaint, plaintiff Troy A. Maillet alleged that he was injured during a personnel basket transfer while working as a safety technician for Total Safety U.S., Inc. on Platform 537-B, located at High Island Block 537 off the coast of Texas on June 12, 2015. Defendant Gulf Crane Services Inc. contends that Ira a/k/a Tony Morrison, Eagle Consulting, LLC, Eagle employees Micah Young and Jerry Deese, and the plaintiff's employer, Total Safety U.S., Inc., all caused or contributed to the cause of the incident in which Mr. Maillet was allegedly injured. However, none of

those parties were sued by the plaintiff. Gulf Crane now seeks to have these parties designated as responsible third parties.

## Analysis

As noted in the parties' Rule 26(f) report, the plaintiff's claims are governed by Texas substantive law. (Rec. Doc. 29 at 4). Federal district courts sitting in Texas have repeatedly held that Section 33.004 of the Texas Civil Practice and Remedies Code is substantive law.[1] Therefore, it is applicable to this case. In its motion, Gulf Crane invokes that statute and seeks to have Morrison, Eagle Consulting, Young, Deese, and Total Safety designated as responsible third parties in accordance with the operation of that statute.

In every cause of action based in tort under Texas law, the trier of fact is required to apportion responsibility among each claimant, defendant, settling person, and "responsible third party."[2] Texas law defines a "responsible third party" as:

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous

---

[1] See, e.g., *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F.Supp.3d 686, 688 (E.D. Tex. 2014); *Viceroy Petroleum, LP v. Tadlock Pipe & Rentals, Inc.*, No. 5:14–CV–6–DAE, 2014 WL 5488422, at *3 (W.D. Tex. Oct. 29, 2014).

[2] Tex. Civ. Prac. & Rem. Code §§ 33.002(a)(1), 33.003(a).

product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. . . .[3]

Section 33.004 of the Texas Civil Practice and Remedies Code allows defendants to "seek to designate a person as a responsible third party by filing a motion for leave to designate. . . on or before the 60th day before the trial date."[4] The purpose of the statute is to allow the trier of fact to allocate responsibility among all persons responsible for a claimant's injuries even if they are not subject to the court's jurisdiction, immune from suit, unknown, or subject to some other impediment to the imposition of liability on them.[5] Leave to designate must be granted "unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served."[6] When an objection is timely filed, a court may deny leave only if the objecting party establishes that the defendant "did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement

---

[3] Tex. Civ. Prac. & Rem. Code § 33.011(6).

[4] Tex. Civ. Prac. & Rem. Code § 33.004(a).

[5] *Ranolls v. Dewling*, No. 1:15-CV-111, 2016 WL 7356809, at *2 (E.D. Tex., Mar. 7, 2016).

[6] Tex. Civ. Prac. & Rem. Code § 33.004(f); Tex. Civ. Prac. & Rem. Code § 33.004(g) (basing the sufficiency determination on the pleading requirements of the Texas Rules of Civil Procedure); see also Tex. R. Civ. P. 47(a) (requiring "a short statement of the cause of action sufficient to give fair notice of the claim involved").

of the Texas Rules of Civil Procedure."[7] If the court grants leave to designate third parties, another party "may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage" after allowing adequate time for discovery.[8] In that case, the burden shifts to the defendant to produce "sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage."[9] If an adequate showing is not made, the court must grant the motion to strike the designation.[10] Additionally, before trial, the trial court "must determine whether there is sufficient evidence to support the submission of a question to the jury regarding the designated parties' responsibility."[11]

Thus, the statute is clear that, after a timely motion to designate a person as a responsible third party has been filed, the motion must mandatorily be granted unless another party files a timely objection and establishes that the defendant failed to plead

---

[7] Tex. Civ. Prac. & Rem. Code § 33.004(g)(1).

[8] Tex. Civ. Prac. & Rem. Code § 33.004(1).

[9] Tex. Civ. Prac. & Rem. Code § 33.004(1); *Ranolls v. Dewling*, 2016 WL 7356809, at *2.

[10] Tex. Civ. Prac. & Rem. Code § 33.004(1).

[11] Tex. Civ. Prac. & Rem. Code § 33.003(b); *Ranolls v. Dewling*, 2016 WL 7356809, at *1-2.

sufficient facts concerning the alleged responsibility of the designated third party. If the motion for leave to designate a responsible third party is granted, the person named in the motion is so designated without further action by the court or any party.[12] The defendant then bears the burden at trial of producing evidence that the designated person is responsible for some portion of the plaintiff's damages.[13] If sufficient evidence is presented with regard to the conduct of each designated party, the trier of fact is called upon to decide the percentage of responsibility that falls to each claimant, defendant, settling person, and designated third party.[14]

This motion was filed in March 2017 and, at that time, the trial of this matter was scheduled for January 2018. Thus, the motion was filed more than sixty days before trial in compliance with the statute. The standard for designating responsible third parties is permissive, and the statute expressly states that "[a] court **shall** grant leave to designate the named person as responsible third party unless another party files a [timely] objection."[15] In this case, no objection has been filed by any party to the litigation, and the fifteen-day time period for timely objections passed long ago.

---

[12]  Tex. Civ. Prac. & Rem. Code § 33.004(h).

[13]  See Tex. Civ. Prac. & Rem. Code § 33.003(b).

[14]  Tex. Civ. Prac. & Rem. Code § 33.003(a).

[15]  Tex. Civ. Prac. & Rem. Code Ann. § 33.004(f). [Emphasis added.]

Accordingly, this Court finds that defendant Gulf Crane's motion to designate responsible third parties meets the statutory requirements, and this Court further finds that no objection to the proposed designation was filed. Therefore,

IT IS ORDERED that defendant Gulf Crane's motion to designate responsible third parties (Rec. Doc. 31) is GRANTED, and Ira a/k/a Tony Morrison, Eagle Consulting, LLC, Micah Young, Jerry Deese, and Total Safety U.S., Inc. are hereby designated as responsible third parties.

Signed at Lafayette, Louisiana, this 7th day of February 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE